IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID C. JONES,<br>  Plaintiff, | )<br>)<br>) |
| vs. | ) CASE NO. : 1:20-cv-3008<br>)<br>) |
| CARMAX AUTO SUPERSTORES, INC.<br>  Defendant. | )<br>) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

This is an action brought by Plaintiff, David C. Jones ("Jones"), by counsel, against CarMax Auto Superstores, Inc. ("Carmax" or "Defendant"), for violating the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA") when it failed to accommodate his disability, as well as terminated his employment because of his disability.

I. JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 USC §1331, § 1337, and §1343. This action is being brought pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et. seq.

2. This Court also has jurisdiction to grant injunctive and declaratory relief and award damages pursuant to 42 U.S.C. § 12117.

3. Jones filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about June 29, 2020. The EEOC issued its Dismissal and Notice of Rights on August 16, 2020  (See Exhibit A). This action is timely filed within ninety (90) days of Plaintiff's receipt of the EEOC decision.

4. Venue is proper in the Southern District of Indiana, Indianapolis, Division, as the parties reside in the Indianapolis Division and the discriminatory conduct occurred in Hamilton County, Indiana, within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division.

## II. PARTIES

5. Jones is a citizen of the United States of America, and a resident of Marion County, Indianapolis, Indiana.

6. At all relevant times, Jones was an employee of Defendant, CarMax.

7. Defendant, CarMax., is a national used-car retailer. It operates an Indianapolis location at 9750 Gray Road, Indianapolis, IN 46280, in Hamilton County, Indiana ("Gray Road location").

8. Defendant has more than fifteen (15) employees and satisfies the definition of an "employer," as that term is defined in Section 101 of the ADA, 42 U.S.C. § 12111(5(A)

## III. FACTUAL ALLEGATIONS

9. Jones was hired as a Sales Consultant in April 2018 at Defendant's Gray Road location.

10. In April 2019, Jones was diagnosed with a serious physical disability.

11. Jones notified his supervisor of his disability within a few days of its discovery.

12. Jones' disability caused him to experience extreme fatigue, and it affected his stamina and his ability to focus.

13. Within weeks of Jones' diagnosis, his work performance declined.

14. During his performance evaluation, Jones informed his supervisor that he believed his disability was affecting his ability to perform his job.

15. CarMax never discussed the opportunity for a reasonable accommodation with Jones, never engaged in the interactive process, and never offered any options for accommodating his disability.

16. In October 2019, CarMax placed Jones on a Performance Improvement Plan.

17. Again, CarMax failed to discuss how Jones could have been accommodated.

18. Jones was supposed to receive a re-evaluation in December 2019.

19. On or about December 10, 2019, Jones was terminated.

20. Jones was terminated because of his disability.

21. Jones has suffered, and continues to suffer, a loss of past, present, and future income, damage to his career, mental and physical anguish, as well as other financial losses.

## IV. LEGAL ALLEGATIONS

### COUNT 1- VIOLATION OF THE ADA

22. Plaintiff hereby incorporates by reference and repleads all allegations set forth in paragraphs 1-21.

23. Plaintiff is disabled within the meaning of the ADA, in that he has a physical impairment that substantially limits a major life activity.

24. Plaintiff is a qualified individual with a disability.

25. At all relevant times, Defendant was aware of Plaintiff's disability and his need for a reasonable accommodation.

26. Plaintiff could have performed the essential functions of his position, with a reasonable accommodation.

27. Defendant failed to engage in the interactive process with Plaintiff.

28. Defendant failed to reasonably accommodate Plaintiff.

29. Defendant's failure to accommodate Plaintiff's disability was in violation of the ADA.

30. Defendant's termination of Plaintiff because of his disability was in violation of the ADA.

31. Defendant's acts or omissions in this matter amounted to discrimination against the Plaintiff based on his disability, his record of disability, and/or it regarded him as having a disability.

32. Plaintiff has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, David C. Jones, by counsel, does hereby request the following as relief:

1. Enter judgment in favor of Plaintiff;

2. Award lost wages, front pay, and associated benefits due to the denial of Plaintiff's statutory rights;

3. Provide injunctive relief enjoining Defendant's from engaging in disability discrimination;

4. Award compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions.

5. Award compensatory damages;

6. Award compensation for all past and future pecuniary and non-pecuniary losses, including emotional pain, inconvenience and humiliation;

7. Award liquidated damages;

8.     Award punitive damages;

9.     Award all costs and attorney's fees incurred as a result of pursing this action;

10.    Award pre- and post-judgment interest in all sums recoverable; and

11.    Award all other legal and/or equitable relief this Court deems just and proper.

Respectfully submitted,
CURLIN & CLAY LAW,
ASSOCIATION OF ATTORNEYS

*s/Robin C. Clay*

_____
Robin C. Clay, 22734-49
8510 Evergreen Ave. Suite 200
Indianapolis, IN  46240
Telephone (317) 202-0301
Facsimile (317) 282-0688
E-mail: rclay@curlinclaylaw.com

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a jury trial as to all issued deemed triable.

Respectfully submitted,
CURLIN & CLAY LAW,
ASSOCIATION OF ATTORNEYS

*s/Robin C. Clay*

_____
Robin C. Clay, 22734-49
8510 Evergreen Ave. Suite 200
Indianapolis, IN  46240
Telephone (317) 202-0301
Facsimile (317) 282-0688
E-mail: rclay@curlinclaylaw.com